UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT LEXINGTON

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
|     Plaintiff | ) | CRIMINAL NO. 5:11-32 |
| | ) | |
| v. | ) | |
| | ) | OPINION AND ORDER |
| BOBBY JOE WATKINS | ) | |
|     Defendant | ) | |

* * * * * * * * * * * *

This matter is before the Court on the Motion to Intercede (DE 73) filed by the Defendant Bobby Joe Watkins.

On November 2, 2011, this Court sentenced the Defendant to a 36-month term of imprisonment after he pleaded to passing counterfeit money. Before he was sentenced in this federal action, the Defendant was in the custody of the Powell County Detention Center on unrelated state drug charges. He appeared before this Court for sentencing on a writ of habeas corpus ad prosequendum. (DE 37, Order.)

It is the Court's understanding that, after the Defendant was sentenced by this Court, the U.S. Marshal delivered him back to the Powell County Detention Center and he was later sentenced by a state court judge to serve an 11-year term of imprisonment to run concurrent with his federal sentence. He was then placed in a state correctional institute to begin serving his state sentence. This Court's judgment is of course silent on whether the state and federal sentences should run concurrently because, at the time of his federal sentencing, the state court sentence had not been imposed.

The Defendant asks that he be placed into federal custody immediately so that he may begin serving his 3-year federal sentence. If he is placed into federal custody, the Defendant can serve out his federal sentence and then be returned to the state to serve his state sentence with three years credit as the state court judge seems to have envisioned when he ordered the state sentence to be served *concurrently* with the federal sentence.

The Court does not have jurisdiction, however, to order the state to deliver the Defendant to federal custody.  This is because the state arrested the Defendant first.  *Jones v. Eichenlaub*, No. 08-CV-13624, 2010 WL 2670920, at * 2 (E.D. Mich. 2010) (quoting *Rios v. Wiley*, 201 F.3d 257, 274 (3rd Cir. 2000), *superseded by statute on other grounds as recognized in United States v. Saintville*, 218 F.3d 246, 247 (3rd Cir. 2000)).  The state, therefore, has primary jurisdiction over the Defendant and retains jurisdiction over him until the state relinquishes him to the federal government upon his completion of the state term.  *Id*.  Because the Defendant has not completed his state sentence, this Court has no authority to order that the state deliver him to federal authorities to commence serving his federal sentence.

Accordingly, the Court hereby ORDERS that the Defendant's Motion to Intercede (DE 73) is DENIED because the Court has no jurisdiction to order the state to deliver the Defendant to the U.S. Marshal to commence serving his federal sentence.

Dated this 11th day of February, 2013.

**Signed By:**

*Karen K. Caldwell*

**United States District Judge**